# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Dorothy Elizabeth Williams,** | ) | Case No. 06-80073-13 |
| **Debtor.** | ) | |
| | | |
| **Regional Acceptance Corporation,** | ) | |
| **Plaintiff** | ) | Adversary Proceeding |
| | ) | No. 06-09024 |
| **v.** | ) | |
| | ) | |
| **Dorothy Elizabeth Williams,** | ) | |
| **Defendant.** | ) | |

## ORDER AND OPINION

This matter came before the court for hearing on March 15, 2007 upon the Plaintiff's Motion for Summary Judgment.  James S. Livermon, III appeared on behalf of the Plaintiff, Regional Acceptance Corporation, and Edward Boltz appeared on behalf of the Defendant and Debtor, Dorothy Elizabeth Williams.  After reviewing the Motion, evidence presented, and briefs, this court finds that the Plaintiff's motion should be GRANTED.

On February 24, 2004, the Plaintiff, Regional Acceptance Corporation ("RAC"), provided purchase money financing for the Debtor's 2002 Mercury Sable.  The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 8, 2006.  Although the Mercury Sable was purchased within the 910-day period preceding the filing of the Debtor's petition, the Debtor did not treat RAC's claim as fully secured in her proposed plan, as required by 11 U.S.C. §1325(a)(5) and the "Hanging Paragraph" that follows § 1325(a)(9).  The Debtor's plan was confirmed on April 3, 2006.  On September 20, 2006, RAC commenced this adversary

proceeding seeking a determination by the court that the portion of RAC's secured claim not paid through the Debtor's Chapter 13 plan not be discharged, and that the Debtor's vehicle remain subject to RAC's lien following completion of the Debtor's plan.

On January 12, 2007, this court issued an Order and Opinion denying the Defendant's Motion to Dismiss the present adversary proceeding, finding that ". . . to the extent that its claim is not paid in full under the Plan, RAC is entitled to an order stating that its claim will not be discharged upon completion of the Plan and that the Vehicle will remain subject to RAC's lien until the claim has been paid in full."  On January 22, 2007, the Defendant filed a Motion to Reconsider that Order and Opinion, which was denied on January 25, 2007.  In light of this court's finding in its Order and Opinion dated January 12, 2007 and its denial of the Defendant's Motion for Reconsideration, this court holds that its prior findings require that the Plaintiff's Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

Service List

Dorothy Elizabeth Williams
3962 McGhee's Mill Road
Semora, NC 27343

Edward C. Boltz
6616-203 Six Forks Road
Raleigh, NC 27615-6524

Regional Acceptance Corp.
c/o James S. Livermon, III
P. O. Box 353
Rocky Mount, NC 27802-0353

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, NC 27702

Michael D. West
P. O. Box 1828
Greensboro, NC 27420-1828